CLAUDIA CENTER (SBN 158255)
JINNY KIM (SBN 208953)
RACHAEL LANGSTON (SBN 257950)
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 MONTGOMERY STREET, SUITE 600
SAN FRANCISCO, CA 94104
TEL: (415) 864-8848
FAX: (415) 593-0096
EMAIL: CENTER@LAS-ELC.ORG;
JKIM@LAS-ELC.ORG
RLANGSTON@LAS-ELC.ORG

JOSHUA KONECKY (SBN 182897)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 MONTGOMERY STREET, SUITE 2000
SAN FRANCISCO, CA 94104
TEL: (415) 421-7100
FAX: (415) 421-7105
TTY: (415) 421-1665
EMAIL:JKONECKY@SCHNEIDERWALLACE.COM

Attorneys for Plaintiffs Gabriel Ortiz, Andrew Gonzales,
Landon Mickey Miller and Joe Huynh

DONALD LIVINGSTON
WILLIAM ALLEN (Admitted *Pro Hac Vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 887-4000
Fax: (202) 887-4288
Email: dlivingston@akingump.com
ballen@akingump.com

TERESA W. GHALI (SBN 252961)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Tel: 415-765-9500
Fax: 415-765-9510
Email: tghali@akingump.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIEL ORTIZ, ANDREW GONZALES, LANDON MICKEY MILLER, AND JOE HUYNH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | Case No. C 09-03485 LHK<br><br>**STIPULATION TO MODIFY CASE MANAGEMENT ORDER; ALLEN DECLARATION IN SUPPORT; [PROPOSED] ORDER**<br><br>[Fed. R. Civ. P. 26(f), Civ. L.R. 6-1(b), 6-2, 7-12.]<br><br>The Honorable Lucy H. Koh |

1

STIPULATION TO MODIFY CASE MANAGEMENT ORDER
Case No. C 09-03485 LHK

1   On January 26, 2011, following a Case Management Conference, the Court ordered, *inter alia*, Defendant Home Depot U.S.A., Inc. "make a Fed. R. Civ. P. 30(b)(6) witness available for deposition on a narrow set of topics required by Plaintiffs for mediation." Jan. 26, 2011 Minute Order & Case Management Order (dkt. no. 50). These topics concern whether and the extent to which Defendant can implement technology, such as video phones and video remote interpreting, in its stores to provide effective communication to deaf and hard of hearing workers there. The Court also extended the deadline for completing mediation until March 1, 2011. *Id.*

On January 31, 2011, Defendant responded to Plaintiffs' December 28, 2010 interrogatories and document requests, which covered topics that overlapped the topics for the Rule 30(b)(6) deposition. After reviewing Defendant's responses and conferring with Defendant's counsel William Allen on February 4, the parties agreed that Plaintiffs had sufficient information on the topics at issue to proceed with mediation without the deposition. Continuing the deposition will also allow the parties to focus on mediation, which is scheduled for February 16, 2011.

In light of the foregoing, and subject to approval by the Court, the parties agreed to continue the Fed. R. Civ. P. 30(b)(6) deposition until after the mediation. Specifically, the parties agreed to continue the deposition to March 3, 2011 in San Francisco, CA.

Under the January 26, 2011 Case Management Order, Plaintiffs' deadline for filing the class certification motion is July 14, 2011, and the non-expert discovery cut-off is December 23, 2011. The parties do not believe that the continuance of this deposition to facilitate the mediation will impact their ability to meet these deadlines, and Defendant has agreed not to use the continuance as an argument in any way against further discovery by Plaintiffs. Accordingly, the parties submit that there is good cause for this short continuance and jointly request that the Court modify its Case Management Order by allowing Defendant to produce the witness on or before March 3, rather than during the week of February 7. A declaration from Mr. Allen in support of this request is enclosed.

| | |
|---|---|
| 1  Dated: February 8, 2011 | Claudia Center |
| 2 | Jinny Kim |
|   | Rachael Langston |
|   | THE LEGAL AID SOCIETY-EMPLOYMENT |
| 3 | LAW CENTER |
| 4 | Joshua Konecky |
|   | SCHNEIDER WALLACE |
| 5 | COTTRELL BRAYTON |
|   | KONECKY LLP |

                                                         /s/ Jinny Kim
                                                          JINNY KIM

Attorneys for Plaintiffs
Gabriel Ortiz, Andrew Gonzales, Landon Mickey Miller, and Joe Huynh

Dated: February 8, 2011.                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                               Donald Livingston
                                               William Allen
                                               Teresa W. Ghali

                                                    /s/ Teresa W. Ghali
                                                      TERESA GHALI

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

## ECF CERTIFICATION

     Pursuant to General Order No. 45 X. (B), I attest that concurrence in the filing of this document has been obtained from Plaintiffs' counsel.

Dated: February 8, 2011.
                                                    /s/ Teresa W. Ghali
                                                    TERESA GHALI

# DECLARATION OF WILLIAM F. ALLEN

I, William F. Allen, declare,

1.  I am an attorney in good standing licensed to practice in the District of Columbia, and have been admitted *pro hac vice* in *Ortiz v. Home Depot U.S.A., Inc.*, Case No. C 09-03485 LHK (N.D. Cal.). *See* dkt. no. 41. I am senior counsel at the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys for defendant Home Depot U.S.A. Inc. My office is located at 1333 New Hampshire Avenue NW, Washington, DC. I make this declaration based on my own personal knowledge and, if called to do so, could and would competently so testify in court.

2.  On January 26, 2011, the Court ordered Defendant Home Depot U.S.A., Inc. to "make a Fed. R. Civ. P. 30(b)(6) witness available for deposition on a narrow set of topics required by Plaintiffs for mediation." Jan. 26, 2011 Minute Order & Case Management Order (dkt. no. 50). These topics concern whether and the extent to which Defendant can implement technology, such as video phones and video remote interpreting, in its stores to provide effective communication to deaf and hard of hearing workers there. The Court also extended the deadline for completing mediation until March 1, 2011. *Id.*

3.  On January 31, 2011, Defendant responded to Plaintiffs' December 28, 2010 interrogatories and document requests.

4.  After reviewing Defendant's responses and conferring with me by telephone on February 4, Plaintiffs' counsel Jinny Kim and Josh Konecky agreed that they had sufficient information to proceed with mediation and agreed to continue the Fed. R. Civ. P. 30(b)(6) deposition provided that Defendant made the designated witness available in San Francisco on a date certain. It is Defendant's view that continuing the deposition until after the mediation will allow the parties to focus on mediation, which is scheduled for February 16, 2011.

5.  On February 4, I offered three dates for the first week of March. On February 7, Mr. Konecky accepted March 3 as the new deposition date.

6.  The parties do not believe that the continuance of this deposition to facilitate the mediation will impact their ability to meet the current discovery and motion practice deadlines. In

1  addition, Defendant agrees that it will not to use the continuance as an argument in any way against
2  further discovery by Plaintiffs.
3      7.    In addition to the Case Management Order entered on January 26, 2011, the following
4  time modifications have been made by the Court, upon motion or by stipulation: (1) plaintiffs' motion
5  for continuance of Case Management Conference (*see* dkt. no. 10); (2) stipulation to extension of time
6  for Defendant to file answer to amended complaint (*see* dkt. no. 13); and (3) stipulation to extend time
7  for mediation (*see* dkt. no. 36).
8      8.    Plaintiffs' counsel Jinny Kim has authorized Defendant's counsel to sign the joint
9  motion on her behalf.
10     I declare under penalty of perjury under the laws of the United States of America that the
11 foregoing is true and correct.  Executed this 8th day of February, 2011, in Washington, D.C.

                               /s/
                              William F. Allen

1
2    The parties stipulate that Defendant may produce the Fed. R. Civ. 30(b)(6) witness regarding
3    communication technology for deaf and hard of hearing workers on or before March 3, 2011.
4    PURSUANT TO STIPULATION, IT IS SO ORDERED this 25th day of February, 2011.

_____
The Hon. Lucy H. Koh
United States District Judge

6

STIPULATION TO MODIFY CASE MANAGEMENT ORDER
Case No. C 09-03485 LHK