DONALD LIVINGSTON
WILLIAM ALLEN (Admitted *Pro Hac Vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel:    (202) 887-4000
Fax:    (202) 887-4288
Email: dlivingston@akingump.com
          ballen@akingump.com

TERESA W. GHALI (SBN 252961)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Tel:    415-765-9500
Fax:    415-765-9510
Email: tghali@akingump.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GABRIEL ORTIZ, ANDREW GONZALES, LANDON MICKEY MILLER, AND JOE HUYNH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | Case No. C 09-03485 LHK<br><br>**STIPULATED REQUEST FOR EXTENSION OF TIME TO FILE CLASS ACTION SETTLEMENT AGREEMENT; [~~PROPOSED~~] ORDER**<br><br>[Fed. R. Civ. P. 26(f), Civ. L.R. 6-1(b), 6-2, 7-12.]<br><br>The Honorable Lucy H. Koh |

After two mediation sessions before the Honorable Edward A. Infante (ret.), and significant efforts and negotiations following those sessions, the parties reached an agreement on material terms, including provisions for class-wide equitable relief, monetary relief to the putative class members and named plaintiffs, and reasonable attorneys' fees and costs, subject to reaching a final agreement on all language of a class action settlement agreement. *See* Declaration of William F. Allen, ¶ 2. On July 7, 2011, the parties filed a notice of settlement and jointly requested a stay of the pre-trial scheduling order to permit the parties time to draft a formal class action settlement agreement and the motion papers to present to present to the Court in connection with a motion for preliminary approval of the proposed agreement. *See* dkt. no. 63; Allen decl. at ¶ 3. On July 7, the Court stayed the pre-trial schedule and ordered the parties to file a motion for preliminary approval by August 31, 2011, or

1   prepare to file their class certification briefing on an expedited basis.  *See* dkt. no. 64; Allen decl. at ¶
2   4.

3         Since the Court's July 7, 2011 order, the parties have worked diligently to finalize the
4   settlement agreement, draft the class notice, and draft the motion for preliminary approval.  The parties
5   have exchanged several drafts and held frequent discussions regarding the structure and terms of the
6   settlement agreement, which is 29 pages long and proposes Rule 23(b)(2) and Rule 23(b)(3) classes.
7   *See* Allen decl. at ¶ 5.  The parties have also considered the impact of the Supreme Court's recent
8   decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, ___ U.S. ___ (June 20, 2011).  *See id.*  The
9   full written agreement has been reviewed by defendant's counsel and is pending final review by Home
10  Depot's Office of General Counsel.  Defendant expects final review and approval to be completed by
11  no later than Wednesday, September 7, 2011.  *See id.* at  ¶ 6.

12        Plaintiffs intend to file their motion for preliminary approval (which defendant's counsel has
13  reviewed) on August 31, 2011 without a copy of the agreement.  Plaintiffs will not be able to file the
14  signed settlement agreement on the same day as the motion because the full written agreement is still
15  pending final review by Home Depot's Office of General Counsel.  Accordingly, in accordance with
16  Civil Local Rules 6-1(b) and 6-2(a), the parties request a brief extension to supplement the motion for
17  preliminary approval by filing the actual signed settlement agreement on or before September 7, 2011.
18  to file the settlement agreement until September 7, 2011.  Plaintiffs have contacted the Court's clerk
19  and requested that the scheduled September 29, 2011 status conference be converted to a hearing on
20  the unopposed motion for preliminary approval.  The requested brief extension should not require
21  rescheduling of that hearing, and will not alter the date of any other hearing or proceeding on the
22  Court's calendar.  *Id.* at ¶ 7; *see* Civ. Local R. 6-1(b).

23        On January 26, 2011, the Court issued a scheduling order modifying the pretrial schedule
24  originally set by the Honorable James Ware in his order of February 25, 2010.  Dkt. no. 50.  In addition
25  to the January 26, 2011 Case Management Order and the July 7, 2011 Stay Order, the following time
26  modifications have been made by the Court, upon motion or by stipulation:  (1) plaintiffs' motion for
27  continuance of Case Management Conference (*see* dkt. no. 10); (2) stipulation to extension of time for
28  Defendant to file answer to amended complaint (*see* dkt. no. 13); (3) stipulation to extend time for

STIPULATED REQUEST FOR EXTENSION OF TIME TO FILE CLASS ACTION SETTLEMENT
AGREEMENT                                                        Case No. C 09-03485 LHK

1    mediation (*see* dkt. no. 36); (4) stipulation to extend time for taking Rule 30(b)(6) deposition (*see* dkt.

2    No. 36); and (5) stipulation to extend time for expert disclosures pertaining to class certification (*see*

3    dkt. No. 58).  *See* Allen decl. at ¶ 8.

4         A declaration from defendant's counsel William F. Allen in support of this stipulated request is

5    enclosed.  *See* Civ. Local R. 6-2(a).

6

7    Dated: August 31, 2011.                THE LEGAL AID SOCIETY-EMPLOYMENT
                                            LAW CENTER

8                                           SCHNEIDER WALLACE
                                            COTTRELL  BRAYTON
9                                           KONECKY LLP

10                                          _____/s/ Jinny Kim_____
                                                          JINNY KIM
11

12                                          Attorneys for Plaintiffs
                                            Gabriel Ortiz, Andrew Gonzales, Landon  Mickey
13                                          Miller, and Joe Huynh

14

15   Dated: August 31, 2011.                AKIN GUMP STRAUSS HAUER & FELD LLP

16

17                                          _____/s/ Teresa W. Ghali_____
                                                          TERESA W. GHALI
18

19                                          Attorneys for Defendant
                                            HOME DEPOT U.S.A., INC.
20

21

22

23

24

25

26

27

28

                                            3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF CERTIFICATION**

Pursuant to General Order No. 45 X. (B), I attest that concurrence in the filing of this document has been obtained from Jinny Kim.

Dated: August 31, 2011.

/s/ Teresa W. Ghali
TERESA W. GHALI

4

### DECLARATION OF WILLIAM F. ALLEN

I, William F. Allen, declare,

1.      I am an attorney in good standing admitted *pro hac vice* to practice in the Northern District of California and am attorney of record for defendant Home Depot U.S.A., Inc. in *Ortiz v. Home Depot U.S.A., Inc.*, Case No. C 09-03485 LHK (N.D. Cal.).  I make this declaration based on my own personal knowledge and, if called to do so, could and would competently so testify in court.

2.      After two mediation sessions before the Honorable Edward A. Infante (ret.), and significant efforts and negotiations following those sessions, the parties reached an agreement on material terms, including provisions for class-wide equitable relief, monetary relief to the putative class members and named plaintiffs, and reasonable attorneys' fees and costs, subject to reaching a final agreement on all language of a class action settlement agreement.

3.      On July 7, 2011, the parties filed a notice of settlement and jointly requested a stay of the pre-trial scheduling order to permit the parties time to draft a formal class action settlement agreement and the motion papers to present to present to the Court in connection with a motion for preliminary approval of the proposed agreement.  *See* dkt. no. 63.

4.      On July 7, the Court stayed the pre-trial schedule and ordered the parties to file a motion for preliminary approval by August 31, 2011, or prepare to file their class certification briefing on an expedited basis.  *See* dkt. no. 64.

5.      Since the Court's July 7, 2011 order, the parties have worked diligently to finalize the settlement agreement, draft the class notice, and draft the motion for preliminary approval.  The parties have exchanged several drafts and held frequent discussions regarding the structure and terms of the settlement agreement, which is 29 pages long and proposes Rule 23(b)(2) and Rule 23(b)(3) classes. The parties have also considered the impact of the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, ___ U.S. ___ (June 20, 2011).

6.      The full written agreement has been reviewed by defendant's counsel and is pending final review by Home Depot's Office of General Counsel.  Defendant expects final review and approval to be completed by no later than Wednesday, September 7, 2011.

STIPULATED REQUEST FOR EXTENSION OF TIME TO FILE CLASS ACTION SETTLEMENT
AGREEMENT                                                                Case No. C 09-03485 LHK

7.     Plaintiffs have informed me that they intend to file their motion for preliminary approval, which I have reviewed, on August 31, 2011 without a copy of the settlement agreement. Plaintiffs will not be able to file the signed settlement agreement today with the motion because the full written agreement is still pending final review by Home Depot's Office of General Counsel.  The parties are requesting a brief extension of the deadline to supplement the motion for preliminary approval by filing the actual signed settlement agreement on or before September 7, 2011. The extension will not alter the date of any hearing or proceeding on the Court's calendar.  Plaintiffs have contacted the Court's clerk and requested that the scheduled September 29, 2011 status conference be converted to a hearing on the unopposed motion for preliminary approval.  The requested brief extension should not require rescheduling of that hearing, and will not alter the date of any other hearing or proceeding on the Court's calendar.

8.     On January 26, 2011, the Court issued a scheduling order modifying the pretrial schedule originally set by the Honorable James Ware in his order of February 25, 2010.  Dkt. no. 50. In addition to the January 26, 2011 Case Management Order and the July 7, 2011 Stay Order, the following time modifications have been made by the Court, upon motion or by stipulation:  (1) plaintiffs' motion for continuance of Case Management Conference (*see* dkt. no. 10); (2) stipulation to extension of time for Defendant to file answer to amended complaint (*see* dkt. no. 13); (3) stipulation to extend time for mediation (*see* dkt. no. 36); (4) stipulation to extend time for taking Rule 30(b)(6) deposition (*see* dkt. No. 36); and (5) stipulation to extend time for expert disclosures pertaining to class certification (*see* dkt. No. 58).

9.     Plaintiffs' counsel Jinny Kim has authorized defendant's counsel to sign the joint stipulated request on plaintiffs' behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 31st day of August, 2011, in Washington, DC.

_____/s/William F. Allen_____
William F. Allen

STIPULATED REQUEST FOR EXTENSION OF TIME TO FILE CLASS ACTION SETTLEMENT
AGREEMENT                                                        Case No. C 09-03485 LHK

1    The parties stipulate that they are prepared to file a class action settlement agreement in this

2    action by September 7, 2011.

3    PURSUANT TO THE PARTIES' STIPULATED REQUEST FOR AN EXTENSION OF

4    TIME, AND GOOD CAUSE SHOWN, IT IS SO ORDERED THAT:

5    Plaintiffs shall file the settlement agreement on or before September 7, 2011.

6

7    IT IS SO ORDERED.

8

9    Dated: September 1, 2011

10

11   THE HON. LUCY H. KOH
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7