Claudia Center, State Bar No. 158255
Jinny Kim, State Bar No. 208953
Rachael Langston, State Bar No. 257950
THE LEGAL AID SOCIETY-EMPLOYMENT LAW CENTER
180 Montgomery St., Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 864-8199
Emails: ccenter@las-elc.org; jkim@las-elc.org; rlangston@las-elc.org

Joshua Konecky, State Bar No. 182897
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY, LLP
180 Montgomery St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: jkonecky@schneiderwallace.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRCT OF CALIFORNIA

SAN JOSE DIVISION

GABRIEL ORTIZ, ANDREW GONZALES, LANDON MICKEY MILLER, AND JOE HUYNH,

Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

Defendant.

Case No.: 5:09-cv-03485-LHK

**~~[proposed]~~ ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AGREEMENT; CONDITIONAL CERTIFICATION OF PROPOSED SETTLEMENT CLASSES; APPROVING PROPOSED NOTICE PLAN AND DIRECTING NOTICE TO THE CLASS; SETTING FINAL FAIRNESS HEARING**

DATE: September 29, 2011
TIME: 1:30 p.m.
LOCATION: Courtroom 8
The Honorable Lucy H. Koh

This matter came before the Court for hearing on September 29, 2011, on Plaintiffsô unopposed Motion for Preliminary Approval of the proposed class action settlement (ñAgreementò or ñSettlementò) reached in this case. All parties appeared through their counsel of record.

The Court has considered the papers submitted in support of the Motion, the terms of the proposed Settlement, the discovery and motion practice conducted in this case, and the fact that the settlement was reached through arms-length negotiations and formal mediations supervised by the Honorable Edward J. Infante (ret.). Based on the papers and pleadings on file herein, and argument presented by counsel, the Court hereby finds that the proposed Settlement appears to fall within the range of possible approval, that the criteria for certification of settlement classes under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure appear to be met, and that notice under Rule 23(e) should be given to the class members at a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

The Court therefore makes the following FINDINGS and ORDERS:

1. The Court hereby grants conditional class certification of the following Settlement Classes under Fed. R. Civ. P. 23:

(A) An injunctive relief settlement class defined as: ñAll individuals who are employed in a non-exempt position in any Home Depot store in California at any time from the Effective Date of this Agreement until the end of the Settlement Term, and who use sign language as a primary means of communication due to a hearing loss or limitation.ò Fed. R. Civ. P. 23(a) & (b)(2).

(B) A monetary relief settlement class defined as: ñAll individuals who have been employed in a non-exempt position at any Home Depot store in California at any time from February 1, 2005, until the Date of Notice, and who have used sign language as a primary means of communication due to a hearing loss or limitation during such employment.ò Fed. R. Civ. P. 23(a) & (b)(3).

The parties have estimated a class of 33 or more individuals and Plaintiffs have made the requisite showing that joinder would be impracticable under the circumstances presented. Additionally, Plaintiffs have identified common questions of law and fact in terms of the policies and practices addressed. Plaintiffs also have shown that they have the same or similar disabilities and legal claims as those in the class, and that their claims therefore are typical of the class. Further, Plaintiffs do not appear to have any conflict with the class and have retained counsel with demonstrated skill and experience as class counsel in cases such as this one.

With respect to Rule 23(b)(2), Plaintiffs seek to certify a settlement class for injunctive relief under Rule 23(b)(2) and a settlement class for monetary damages under Rule 23(b)(3). Given the nature of the equitable relief in the proposed Settlement, the Court finds certification of the injunctive relief settlement class is appropriate under Rule 23(b)(2), in that Plaintiffs have alleged that Defendant has ñacted or refused to act on grounds that apply generally to the class,ò and the Settlement provides for equitable relief that is ñappropriate respecting the class as a whole.ò The Court also finds that Rule 23(b)(3) is satisfied with respect to the monetary relief provision of the proposed Settlement. Specifically, the proposed Settlement resolves common issues that will predominate over any remaining issues affecting only individual members, and resolving these common issues in one settlement is superior to individual proceedings, assuming class members are able to avail themselves of such proceedings.

2. The Court appoints Gabriel Ortiz, Andrew Gonzales, Landon Mickey Miller, and Joe Huynh as Class Representatives for the Settlement Class and appoints Legal Aid Societyð Employment Law Center and Schneider Wallace Cottrell Brayton Konecky LLP as Class Counsel for the Settlement Class. The Court finds that Plaintiffs are adequate class representatives and that Plaintiffsô counsel are adequate class counsel for the settlement classes.

3. Court grants preliminary approval of the proposed Settlement. The Settlement was reached after formal discovery, depositions and arms-length negotiations conducted over a period of time with the assistance of a respected mediator. The substantive terms of the proposed Settlement also appear to be fair and reasonable to the proposed classes. The Settlement

provides for notice and opt-out opportunities to potential class members that comply with Rule 23 and due process.

4. The Court appoints Rust Consulting, Inc. as the third party settlement administrator in accordance with Section X.A. of the proposed Settlement.

5. The Court hereby approves, as to form and content, the proposed Class Notice attached as Exhibit A to this proposed Order and directs that the Class Notice be issued in substantially the same form as presented therein.

6. The Court finds that the proposed Class Notice and notice plan constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto in full compliance with applicable law. The Court further finds that distribution of the Class Notice in the manner set forth in Section X of the proposed Settlement and Release meets the requirements of Fed. R. Civ. P. 23(c) and (e), and the requirements of due process. The Court further finds that the proposed Class Notice fully and accurately informs Class Members of all material elements of the Settlement, of their right to be excluded from the monetary provisions of the Settlement, their right and opportunity to object to the Settlement, their right and opportunity to receive a monetary settlement award, and their right to benefit from and seek enforcement of the equitable relief provisions of the Settlement.

7. The Court orders that the Notice be delivered via first-class regular U.S. Mail to the Settlement Classes in accordance with the procedures specified in Section X.B of the proposed Settlement and as further detailed in the Declaration of the Settlement Administrator. The Court further Orders that the notice, objection, and opt-out process be carried-out in accordance with the provisions of Section X of the proposed Settlement. The Court Orders that notice be mailed by October 28, 2011.

8. The Court sets a final fairness hearing for February 2, 2012, at 1:30 p.m. in Courtroom 8 of this Court. At the final fairness hearing, the Court will determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether judgment should be entered; whether certification of the Settlement Classes for

settlement purposes only should be confirmed. The Court also will determine the amount of attorneysô fees and costs that should be awarded to Class Counsel under Fed. R. Civ. P. 23(h) and the amount of service awards that should be awarded to the Named Plaintiffs.

9. All papers in support of Plaintiffsô requests for attorneysô fees and costs shall be filed and served no later than October 28, 2011.

10. All objections to the settlement, and for class members to opt out of the monetary provisions of the settlement shall be postmarked no later than December 13, 2011.

11. All papers in support of final approval of the proposed Settlement, including the proposed payments to the Named Plaintiffs, shall be filed and served no later than December 28, 2011.

IT IS SO ORDERED.

Dated: October 5, 2011

Lucy H. Koh

THE HON. LUCY H. KOH
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
CASE NO. C09-03485 LHK

GABRIEL ORTIZ, ANDREW GONZALES, LANDON MICKEY MILLER, AND JOE HUYNH, on behalf of themselves and all others similarly situated,

PLAINTIFFS,
v.

HOME DEPOT U.S.A., INC.,

DEFENDANT.

CLASS ACTION

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL FAIRNESS HEARING

**ATTENTION: CURRENT AND FORMER HOME DEPOT EMPLOYEES WHO USE SIGN LANGUAGE AS YOUR PRIMARY MEANS OF COMMUNICATION DUE TO A HEARING LOSS OR LIMITATION:**

PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT AND YOUR RIGHTS MAY BE AFFECTED BY THIS PROPOSED CLASS ACTION SETTLEMENT AND BY THE FOLLOWING IMPORTANT DATES:

| | |
|---|---|
| DEADLINE TO OBJECT TO OR OPT OUT OF THE SETTLEMENT | December 13, 2011 |
| FINAL FAIRNESS HEARING | February 2, 2012 |

You are hereby given this Notice of a proposed settlement (the "Settlement") of the class action lawsuit entitled *Ortiz et al v. Home Depot U.S.A., Inc.* (the "Lawsuit"), which has been granted preliminary approval by the United States District Court for the Northern District of California (the "Court").

> The proposed Settlement will resolve all claims made against Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") on behalf of all individuals who have been employed in a non-exempt position at any Home Depot store in California at any time from February 1, 2005 until the date this notice was sent, and who have used sign language as a primary means of communication due to hearing loss or limitation during such employment.

The Court will hold a Final Fairness Hearing to address the fairness, adequacy, and reasonableness of the Settlement on February 2, 2012, and to determine whether the Court should give final approval of the Settlement.

A. WHY DID I GET THIS NOTICE?

The Court has ordered that this Notice be sent to you because you are a potential member of the monetary relief Class, which is defined in the Agreement as:

> All individuals who have been employed in a non-exempt position at any Home Depot store in California at any time from February 1, 2005 until the date of this notice, and who have used sign language as a primary means of communication due to hearing loss or limitation during such employment.

The purpose of this Notice is to: (a) provide a brief description of the Lawsuit; (b) inform you of the proposed Settlement; and (c) discuss your rights and options with respect to the Lawsuit and the Settlement.

B. WHAT IS THIS LAWSUIT ABOUT?

The Lawsuit was brought by Gabriel Ortiz, Andrew Gonzales, Landon Mickey Miller and Joe Huynh ("Plaintiffs"), deaf individuals who have worked at Home Depot stores in California. They alleged that Home Depot violated the Americans with Disabilities Act and California law by discriminating against them and other persons who are deaf and hard of hearing. Plaintiffs complained that they were not provided with sign language interpreters and other accommodations at interviews, meetings, trainings and other workplace events, and that Home Depot failed to implement an emergency evacuation plan. Plaintiffs also complained that they were not allowed to operate lift equipment because of their disability.

Home Depot contends that their practices and conduct with respect to its employees have at all times complied with the requirements of federal and California law and thus do not admit any wrongdoing or liability, and specifically deny any liability or wrongdoing. The proposed Settlement reflects a compromise of disputed claims and does not mean that Home Depot or any of its related entities violated any state or federal disability laws or are liable for any of the allegations made by Plaintiffs.

Every class action must be approved by the court presiding over the lawsuit. Thus far, the Court has only preliminarily approved the proposed Settlement and, therefore, ordered that this Notice be sent to the Class. The Court will decide whether to give final approval to the Settlement at the Final Fairness Hearing scheduled for February 2, 2012, at 1:30 p.m. in Courtroom 8 – 4th Floor, 280 First Street, San Jose, California 95113.

Attorneys for the Class ("Class Counsel") in the Lawsuit are:

Claudia Center, ccenter@las-elc.org
Jinny Kim, jkim@las-elc.org
Rachael Langston, rlangston@las-elc.org
The Legal Aid Society–Employment Law Center
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
TTY: (415) 593-0091
www.las-elc.org

Joshua Konecky, jkonecky@schneiderwallace.com
Schneider Wallace Cottrell Brayton and Konecky
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1655
www.schneiderwallace.com

C. CAN YOU SUMMARIZE THE TERMS OF THE SETTLEMENT?

The principal terms of the Settlement reached between Plaintiffs and Home Depot are summarized in this Notice. The complete terms of the Settlement are set forth in the Agreement on file with the Court.

1. EQUITABLE RELIEF

Under the terms of the proposed Settlement Agreement, Home Depot has agreed to the following "equitable relief":

- **<u>Certified Sign Language Interpreters</u>**. Home Depot will automatically provide certified sign language interpreters for: (i) interviews and initial orientation and/or training sessions; (ii) any periodic follow-up training sessions not done by close-captioned video; (iii) formal safety, evacuation planning or emergency response trainings; (iv) semi-annual performance reviews; (v) required store-wide meetings and town hall meetings; (vi) department meetings held on a quarterly, semi-annual or annual basis; and (vii) meetings regarding possible termination, suspension or documented discipline. For these kinds of activities, Home Depot will provide the interpreters automatically, without the need for the Class Members to make a specific request. In addition, for non-required store meetings, town hall meetings or other company-sponsored events to which employees as a group are invited, Home Depot will provide a certified sign language interpreter if the employee requests an interpreter at least three business days before the event.

- **<u>Designated Contact Persons</u>**. Home Depot will designate a supervisor and a corporate-, state, or district-level employee to assist Class Members with requests for accommodation and to answer questions.

- **<u>Interactive Process at Semi-Annual Performance Reviews</u>**. Home Depot will provide a certified sign language interpreter to meet with Class Members and answer questions.

- **<u>Training</u>**. Home Depot will train store managers, assistant store managers and department supervisors on sensitivity and cultural competency, Home Depot's reasonable accommodation policies

and procedures, and Home Depot's obligations under the Settlement Agreement.

• **Other Reasonable Accommodations**. Home Depot will provide a Blackberry (or similar device) and TTY upon request. Home Depot will ensure that each store where a Class Member is employed has a visual alarm for emergencies.

• **Video Remote Interpreting/Video Relay Service Pilot Program**. Home Depot will start a pilot project for Video Remote Interpreting (VRI) and Video Relay Service (VRS) at California stores where Class Members are employed. Home Depot will provide VRI sign language interpreters for at least one year to determine whether VRI will be effective in the long-term, unless the project must be terminated due to business necessity.

• **Forklift Training and Certification**. Class Members who express interest in operating lift equipment are eligible to participate in forklift training and certification. Determinations regarding whether to offer such training will continue to be based on business need and certification determinations will continue to be made based on competency tests. Class Members can operate lift equipment during customer hours provided they can hear sufficiently to communicate with a spotter, other associates, and customers. Class Members can operate lift equipment during non-customer hours and in non-customer access areas provided that minimum safety requirements can be maintained.

• **Standard Information**. Home Depot will create and distribute a fact sheet to all Class Members. The fact sheet will contain information about Home Depot's reasonable accommodation policy and procedure as well as the availability of sign language interpreters. The fact sheet will be interpreted by a certified sign language interpreter to Class Members who do not read English fluently.

• **Monitoring**. Home Depot will provide periodic reports to Class Counsel on its compliance with the Settlement Agreement.

• **Dispute Resolution**. Class Counsel and Home Depot will resolve any disputes regarding the Settlement Agreement through an expedited procedure involving a private mediator.

2. MONETARY RELIEF

Home Depot has also agreed to the following "monetary relief" for all Class Members:

• **Payments To Class Members**. Class Members who do not opt out of the monetary relief provisions of the settlement will automatically receive a check in the amount of $5,000. The $5,000 will be treated as non-wage taxable income and Class Members will receive an IRS Form 1099. Nothing contained in this Notice or in the Agreement is intended to be or should be interpreted as providing tax advice. Class Members should consult with their tax advisors concerning the tax consequences of any payment they receive.

• **Awards To Representative Plaintiffs**. Plaintiffs will request a payment of $40,000 for Gabriel Ortiz, Andrew Gonzales, Landon Mickey Miller and Joe Huynh in exchange for executing a release of claims that is broader than the release of the other class members, and for their time and effort in appearing for deposition, responding to discovery, appearing for two full-day mediation sessions with a retired federal

judge, and otherwise assisting Class Counsel in prosecuting the Lawsuit and achieving the Settlement.

• **Attorneys' Fees and Costs**. Class Counsel will apply to the Court for an award of attorneys' fees of up to $500,000. Under applicable law, the application for attorneys' fees will be based on the lodestar method (the actual hours worked by the attorneys on the case since it began in December 2005, multiplied by their hourly rates) as well as the risks the attorneys undertook, and the results achieved on behalf of the Class. The maximum amount of attorneys' fees that may be awarded under this settlement is 54.9% of the total cash payments being made by Home Depot. However, these cash payments are only a small part of the settlement. The primary value of the settlement is in Home Depot's agreement to provide sign language interpreters, manager and supervisor training, reasonable accommodations and the interactive process to deaf and hard of hearing employees. Class Counsel also will apply to the Court for reimbursement of their actual, itemized out-of-pocket costs and expenses in a total amount of up to $85,000. The payment by Home Depot for attorneys' fees and costs is a separate payment that will not reduce the distribution to the Class.

D. WHAT ARE MY OPTIONS WITH RESPECT TO THE MONETARY RELIEF PROVISIONS OF THE SETTLEMENT?

Class Members who are current employees automatically will benefit from, and be bound by, the "Equitable Relief" provisions of the Settlement Agreement, including the provision of sign language interpreters, training, and other reasonable accommodations described above. If such Class Members have any complaints or claims regarding whether these procedures are being implemented adequately, they may contact Class Counsel, listed above, and request that the complaint be raised through the Dispute Resolution provisions of the Settlement. The Dispute Resolution procedures will be in effect for 30 months from the Effective Date of the Settlement. During this 30-month period, all claims regarding Equitable Relief must be brought through the Dispute Resolution procedures of the Settlement.

Additionally, if you believe you are a member of the Class defined in section A above, you have several options with respect to the "Monetary Relief" provisions of the Settlement. Each option will have its consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below.

1. You Can Remain a Member of the Class for Monetary Relief and obtain your $5,000 payment.

PERSONS WHO ARE IN THE CLASS ARE AUTOMATICALLY QUALIFIED TO RECEIVE MONEY UNDER THE SETTLEMENT, SO LONG AS YOU DO NOT OPT OUT OF THE SETTLEMENT.

2. You Can Opt Out of the Monetary Relief Provisions of the Settlement.

If you do not want to participate in or be bound by the monetary relief provisions of the Settlement, you can request exclusion from them (*i.e.*, "opt out"). You can opt out by mailing a written and signed request for exclusion to Rust Consulting, [ADD ADDRESS], **postmarked no later than December 13, 2011**. This request for exclusion must contain the following information: (a) your printed full name, (b) your full address, and (c) a written statement that you have reviewed the class notice and wish to be

excluded from the monetary relief provisions of the settlement.

This opt-out request **must be signed and dated by you**. Requests to opt out that do not include all the required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. If you opt out, you will be barred from participating in the monetary relief provisions of the Settlement and you will receive no monetary benefit from the Settlement. By opting out, you will retain whatever rights or claims for money damages you may have, if any, against Home Depot, and you will be free to pursue them on an individual basis, if you so choose.

3.    You Can Object to the Settlement and/or Motion For Attorneys' Fees and Costs.

If you are a Class Member who does not opt out of the Settlement, you may object to the Settlement and/or Class Counsel's Motion for Attorneys Fees and Costs, personally or through an attorney, by submitting your objection to the Court by mailing it to: Rust Consulting, [ADD ADDRESS]. All objections **must be signed** and should contain your address, telephone number and a reference to the case. All objections must be mailed to Rust Consulting and **postmarked on or before December 13, 2011**. Your written objection should clearly explain why you object to the Settlement and/or the Motion for Attorney's Fees and Costs and must state whether you (or someone on your behalf) intend to appear at the Final Approval Hearing. If you timely submit a written objection stating that you intend to appear, you may appear, personally or through an attorney, at your own expense, at the Final Approval Hearing to present your objection directly to the Court.

E.    WHAT CLAIMS ARE BEING RELEASED BY THE AGREEMENT?

If the Court gives final approval to the proposed Settlement Agreement, all Class Members will benefit from, and be bound by, the Equitable Relief Provisions of the Settlement for the entirety of the 30-month Settlement Term. If you want to make claims against Home Depot for equitable relief arising out of alleged discrimination in employment on the basis of a hearing disability in a Home Depot store in California, and those claims are addressed or covered by this Lawsuit, you must raise them through the Dispute Resolution procedures of this Settlement.

In addition, if the Court gives final approval to the proposed Settlement Agreement and you do not opt out of the monetary relief provisions of the settlement, you are fully releasing and forever discharging any and all claims for monetary relief, whether known or unknown, which arose on or before the date of this Notice, and which are based on alleged discrimination in employment on the basis of a hearing disability at a Home Depot store in California.

Finally, if the Court gives final approval of the proposed Settlement Agreement, Plaintiffs Gabriel Ortiz, Andrew Gonzales, Landon Mickey Miller and Joe Huynh are fully releasing and forever discharging any and all claims for monetary or equitable relief which arise out of or are related to conduct based on alleged discrimination in employment on the basis of a hearing disability at a Home Depot store in California.

F.    WHEN IS THE FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT?

You are not required to attend the Final Approval Hearing or file an objection, although you may do

both. The Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the payments to the Representative Plaintiffs, and Class Counsel's request for attorneys' fees and costs will be held on February 2, 2011, at 1:30 p.m. in Courtroom 8 – 4th Floor, 280 First Street, San Jose, California 95113. The Final Approval Hearing may be continued to another date without further notice. If you plan to attend the Final Approval Hearing, you may contact Rust Consulting at (800) 999-7940 to confirm the date and time.

Any Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived any objections, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the payments to Representative Plaintiffs or any other aspect of the Settlement. If the Settlement is not approved, the Lawsuit will continue to be prepared for class certification, trial or other judicial resolution.

G. HOW CAN I OBTAIN ADDITIONAL INFORMATION?

This Notice only summarizes the Lawsuit and the Settlement. For more information, you may contact the Attorneys for the Class listed above. You also may inspect the Court files at the Office of the Clerk, 280 First Street, San Jose, California 95113 or http://pacer.psc.uscourts.gov. Any questions regarding this Notice, the Lawsuit, or the Settlement also may be directed to the Settlement Administrator, Rust Consulting at [ADD CONTACT INFO]. Alternatively, you may contact your own attorney, at your own expense, to advise you, or you may contact Class Counsel at the address and/or telephone numbers set forth above. If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Settlement Administrator.

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.