1  Claudia Center, State Bar No. 158255
   Jinny Kim, State Bar No. 208953
2  Rachael Langston, State Bar No. 257950
   THE LEGAL AID SOCIETY-EMPLOYMENT LAW CENTER
3  180 Montgomery St., Suite 600
   San Francisco, CA  94104
4  Telephone:  (415) 864-8848
   Facsimile:  (415) 593-0096
5  Emails:  ccenter@las-elc.org; jkim@las-elc.org; rlangston@las-elc.org

6

7  Joshua Konecky, State Bar No. 182897
   SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY, LLP
8  180 Montgomery St., Suite 2000
   San Francisco, CA  94104
9  Telephone:  (415) 421-7100
   Facsimile:  (415) 421-7105
10 Email:  jkonecky@schneiderwallace.com

11

12 Attorneys for Plaintiffs

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17 GABRIEL ORTIZ, ANDREW GONZALES,          )  Case No.:  5:09-cv-03485-LHK
   LANDON MICKEY MILLER, AND JOE            )
18 HUYNH,                                   )  [Proposed] ORDER (1) CONFIRMING
                                            )  FINAL CERTIFICATION OF CLASSES;
19              Plaintiffs,                 )  (2) GRANTING FINAL APPROVAL TO
                                            )  CLASS ACTION SETTLEMENT
20         v.                               )  AGREEMENT; AND (3) APPROVING
                                            )  AWARDS TO NAMED PLAINTIFFS
21                                          )
   HOME DEPOT U.S.A., INC.,                 )
22                                          )  DATE: February 2, 2012
              Defendant.                    )  TIME:  1:30 p.m.
23                                          )  LOCATION:  Courtroom 8
                                            )  The Honorable Lucy H. Koh
24                                          )
                                            )
25                                          )
                                            )
26 ─────────────────────────────────────── )

27

28

29

1

2

The parties to this action having entered into a settlement agreement and having applied

to this Court for preliminary and final approval of the Class Action Settlement Agreement and

3

the terms thereof; this Court on October 5, 2011 having granted preliminary approval to the Class

4

Action Settlement Agreement, and having directed notice of the settlement, its terms and the

5

applicable procedures and schedules to be provided to class members; this Court having set a

6

final Fairness Hearing for February 2, 2012 to determine whether the Settlement Agreement

7

should be granted final approval, pursuant to Federal Rule of Civil Procedure 23(e), as "fair,

8

adequate and reasonable;" and all proposed class members having been given an opportunity

9

comment on the settlement;

10

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Class

11

Action Settlement Agreement, the parties' briefs, declarations, and oral arguments in support

12

thereof, and the proceedings in this action to date, as follows:

13

14

1.      The Court adopts all defined terms as set forth in the Class Action Settlement

15

Agreement, attached as Exhibit A to this Order.

16

2.      This Court has jurisdiction over the subject matter of this litigation and all matters

17

relating thereto, and over the plaintiffs and the defendants.

18

3.      This Court confirms as final its conditional certification of the injunctive relief

19

settlement class pursuant to Fed. R. Civ. P. 23(b)(2), as defined in the Settlement Agreement as:

20

"All individuals who are employed in a non-exempt position in any Home Depot store in

21

California at any time from the Effective Date of this Agreement until the end of the Settlement

22

Term, and who use sign language as a primary means of communication due to a hearing loss or

23

limitation."

24

4.      This Court confirms as final its conditional certification of the monetary relief

25

settlement class pursuant to Fed. R. Civ. P. 23(b)(3), as defined in the Settlement Agreement as:

26

"All individuals who have been employed in a non-exempt position at any Home Depot store in

27

California at any time from February 1, 2005, until the Date of Notice, and who have used sign

28

29

language as a primary means of communication due to a hearing loss or limitation during such employment."

5.      The Court confirms the appointment of Gabriel Ortiz, Andrew Gonzales, Landon Mickey Miller and Joe Huynh as representatives of the class.

6.      The Court confirms the appointment of the Legal Aid Society – Employment Law Center and Schneider, Wallace, Cottrell, Brayton Konecky LLP as Class Counsel for the Settlement Classes.

7.      The Class Notice distributed to Class Members, pursuant to this Court's orders, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

8.      This Court grants the requested awards of $40,000 for each Named Plaintiff.  As a preliminary matter, no class members have objected to the proposed awards.  In addition, the Court finds that the Named Plaintiffs have agreed to release all their claims against Home Depot in a release that is broader than the release for the class.  The Court further finds that the Named Plaintiffs expended substantial time and effort on behalf of the settlement classes and represented the interests of the settlement classes, assumed risk in bringing this action, and vindicated important civil rights.  The Court further finds that the factors identified by the Ninth Circuit in *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) weigh in favor of approving the requested service awards.

9.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Class Action Settlement Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees provisions, as set forth further in the Order Granting Plaintiffs' Application for an Award of Attorneys' Fees and Costs.  The Court specifically finds that the settlement is rationally related to the strength of plaintiffs' and class members' claims given the risk, expense, complexity, and duration of further litigation.  This Court also finds that the Class Action

Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1291 (9th Cir. 1992).

10.     The Court further finds that the response of the class to the settlement supports settlement approval.  No Class Members have objected to the settlement and none have requested exclusion from any aspect of the settlement.

11.     By operation of the entry of this Order, all Released Claims of the Class Representatives and members of the Classes are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the Settlement Agreement.

12.     The First Amended Complaint is dismissed with prejudice.

13.     The Court retains jurisdiction over this matter and Settlement Agreement for the duration of the Settlement Term as defined in the Settlement Agreement.

14.     The Clerk shall close the file.

IT IS SO ORDERED.

Dated:  February  2 , 2012

*Lucy H. Koh*
_____
The Hon. Lucy H. Koh
United States District Judge

**EXHIBIT A**

1  CLAUDIA CENTER (SBN 158255)
   ccenter@las-elc.org
2  JINNY KIM (SBN 208953)
   jkim@las-elc.org
3  RACHAEL LANGSTON (SBN 257950)
   rlangston@las-elc.org
4  THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
5  180 Montgomery Street, Suite 600
   San Francisco, California 94104
6  Telephone: (415) 864-8848
   Facsimile: (415) 593-0096
7
8  JOSHUA KONECKY (SBN 182897)
   jkonecky@schneiderwallace.com
9  SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
10 180 Montgomery Street, Suite 2000
   San Francisco, California 94104
11 Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
12
13 Attorneys for Plaintiffs

14

15 **THE UNITED STATES DISTRICT COURT**

16 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

17

| | |
|---|---|
| GABRIEL ORTIZ, ANDREW GONZALES, LANDON MICKEY MILLER, AND JOE HUYNH, on behalf of themselves and all others similarly situated | Case No. 5:09-cv-03485-LHK |
| Plaintiffs, | **CLASS ACTION SETTLEMENT AGREEMENT** |
| v. | Courtroom 4, 5th Floor |
| HOME DEPOT U.S.A., INC., | Judge: Hon. Lucy H. Koh |
| Defendant. | |

18
19
20
21
22
23
24
25
26
27
28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1

2  **I.    JURISDICTION**

3        The Court has personal jurisdiction over the parties, federal question subject matter jurisdiction

4  of this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* and

5  supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiffs' state law claims.

6  Venue is proper in this District.

7        On final approval of this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure,

8  Judgment will be entered approving this Agreement.  After entry of the Judgment, the Court will have

9  continuing jurisdiction over the Action and this Agreement for the duration of the Settlement Term for

10  the purpose of enforcing the dispute resolution procedures contained in Section XIII.

11  **II.    DEFINITIONS**

12        The following terms when used in this Agreement, in addition to the terms defined elsewhere in

13  the Agreement shall have the following meanings:

14        A.        "Affected Associates" means all individuals who are employed in a non-exempt

15  position in any Home Depot store in California at any time from the Effective Date of this Agreement

16  until the end of the Settlement Term, and who use sign language as a primary means of communication

17  due to a hearing loss or limitation.

18        B.        "Agreement" and "Settlement" means this Settlement Agreement.

19        C.        "Business Days" means to count every day, excluding intermediate Saturdays, Sundays,

20  and legal holidays (as defined in Fed. R. Civ. P. 6(a)(6), with the count to begin on the day following

21  the event that triggers the counting.

22        D.        "Class Counsel" means The Legal Aid Society -- Employment Law Center and

23  Schneider Wallace Cottrell Brayton Konecky LLP.

24        E.        "Class Members" for purposes of the equitable relief components of this Agreement

25  means all individuals who are employed in a non-exempt position in any Home Depot store in

26  California at any time from the Effective Date of this Agreement until the end of the Settlement Term,

27  and who use sign language as a primary means of communication due to a hearing loss or limitation.

28        F.        "Class Members" for purposes of the monetary relief components of this Agreement

1 means all individuals who have been employed in a non-exempt position at any Home Depot store in
2 California at any time from February 1, 2005, until the Date of Notice, and who have used sign
3 language as a primary means of communication due to a hearing loss or limitation during such
4 employment. For purposes of this Agreement, the parties stipulate that the individuals identified in
5 Exhibit A hereto are Class Members for purposes of the monetary relief components of this
6 Agreement.

7    G.    "Class Notice" means the notice of class settlement attached to this Agreement as
8 Exhibit B.

9    H.    "Court" means the United States District Court for the Northern District of California.

10    I.    "Date of Final Approval" means the date upon which the Court approves this
11 Agreement after having determined that it is fair, adequate and reasonable under Rule 23(e) of the
12 Federal Rules of Civil Procedure.

13    J.    "Date of Final Judgment" means the date on which the Court enters Judgment approving
14 this Agreement pursuant to Rules 23(e) of the Federal Rules of Civil Procedure.

15    K.    "Date of Notice" means the date the Class Notice is initially mailed to Class Members
16 pursuant to Section XII.B.

17    L.    "Date of Preliminary Approval" means the date upon which the Court enters an Order
18 preliminarily approving this Agreement.

19    M.    "Effective Date" means the date after the Date of Final Approval on which the earlier of
20 either of two events occurs: (1) the expiration of the time for filing of an appeal from the Date of Final
21 Judgment without the filing of a notice of appeal, or (2) if a timely appeal is filed, the final resolution
22 of that appeal (including any requests for rehearing and/or petitions for certiorari), resulting in final
23 judicial approval of the Agreement, or the withdrawal of such appeal.

24    N.    "Home Depot" means Home Depot U.S.A., Inc.

25    O.    "Liability Period" means from February 1, 2005 through the Effective Date.

26    P.    "Named Plaintiffs" and "Class Representatives" means Gabriel Ortiz, Andrew
27 Gonzales, Landon Mickey Miller and Joe Huynh.

28    Q.    "Parties" means Named Plaintiffs and Home Depot.

1  R.  "Response Date" means the deadline for mailing an objection or request for exclusion

2  from the monetary relief components of this Agreement pursuant to Section X.D of this Agreement.

3  An objection or request for exclusion must be postmarked on or before the "Response Date" in order to

4  be timely.

5  S.  "Releasees" mean Home Depot and its current and former officers, directors, agents,

6  employees, representatives, attorneys, parents, subsidiaries, affiliates, predecessors, successors and

7  assigns, and all benefit plan administrators and anyone acting in concert with or on behalf of any of

8  them who are released by Releasors as set forth in Section V of this Agreement.

9  T.  "Releasors" means (1) Named Plaintiffs and their heirs, estate, spouses, successors and

10  any other person who could claim through them; (2) with respect to the monetary relief provisions,

11  Settlement Class Members and their heirs, estate, spouses, successors and any other person who could

12  claim through them; and (3) with respect to the equitable relief provisions through the Settlement

13  Term, Class Members and their heirs, estate, spouses, successors and any other person who could claim

14  through them.

15  U.  "Settlement Administrator" means Rust Consulting.

16  V.  "Settlement Class Member" means Named Plaintiffs and any monetary relief Class

17  Member who does not submit a valid and timely request to exclude him or herself from the monetary

18  relief provisions of this Agreement.

19  W.  "Settlement Term" means the 30-month period following the Effective Date.

20  **III.  CERTIFICATION OF SETTLEMENT CLASS**

21  The parties stipulate to a settlement class for injunctive relief under Rules 23(a) & (b)(2) of the

22  Federal Rules of Civil Procedure, defined as: "all individuals who are employed in a non-exempt

23  position in any Home Depot store in California at any time from the Effective Date of this Agreement

24  until the end of the Settlement Term, and who use sign language as a primary means of communication

25  due to a hearing loss or limitation."

26  The parties stipulate to a settlement class for monetary relief under Rules 23(a) & (b)(3) of the

27  Federal Rules of Civil Procedure, defined as: "all individuals who have been employed in a non-

28  exempt position at any Home Depot store in California at any time from February 1, 2005, until the

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

3

*ORTIZ, ET AL., V. HOME DEPOT U.S.A., INC.*, CASE NO. 5:09-cv-03485-LHK
SETTLEMENT AGREEMENT

1  Date of Notice, and who have used sign language as a primary means of communication due to a

2  hearing loss or limitation during such employment.

3  **IV.    NON-ADMISSION**

4        This Agreement represents the compromise of disputed claims.  This Agreement does not and

5  will not constitute evidence of any violation of the ADA, the California Fair Employment Housing Act

6  ("FEHA"), California Government Code §§ 12940, *et seq.*, the California Unfair Business Practices

7  Act, California Business & Professions Code §§ 17200, *et seq.*, California Civil Rights laws and

8  common law, or any other federal or state law, regulation, order, or rule.  By agreeing to and entering

9  voluntarily into this Agreement, there is no admission, express or implied, that Home Depot has

10  violated the ADA, the FEHA, the California Business & Professions Code §§ 17200, *et seq.*, California

11  Civil Rights laws and common law, or any other federal or state law, regulation, order, or rule.  This

12  Agreement does not contain, and will not be interpreted or construed as containing any such admission.

13  Thus, by way of example (and not limitation), no provision of this Agreement which requires Home

14  Depot to take an action may be interpreted, cited or urged by any party in any proceeding as an

15  admission or indication that Home Depot has failed to take such action in the past or is required by law

16  to take such action.

17        In the event that this Agreement is not approved or that approval is overturned on appeal,

18  nothing herein shall be deemed to waive Home Depot's objections and defenses to class certification or

19  any other issue relating to or arising from Named Plaintiffs' claims, or any other claims, and this

20  Agreement shall not then be admissible in any court regarding the propriety of class certification or any

21  other issue.

22        For purposes of interpreting the Agreement, neither individual monetary and equitable relief

23  Class Members nor others shall be deemed to be third party beneficiaries of this Agreement, and shall

24  have no right to enforce its terms except through Class Counsel.

25  **V.    RELEASE OF CLAIMS**

26      **A.    Release of Claims by Named Plaintiffs.**

27

28        Releasors who are the named Plaintiffs fully release and forever discharge the Home Depot

1   Releasees from any and all individual and/or class claims, demands, charges, complaints, rights and
2   causes of action, whether known or unknown, whether seeking monetary or equitable relief, which
3   arise out of or are related to conduct within the Liability Period constituting alleged discrimination in
4   employment under the ADA, California law, or any other law prohibiting disability discrimination,
5   whether statutory, pursuant to local ordinance, or at common law on the basis of disability that arose on
6   or before the Date of Notice, and which were pleaded or could have been pleaded in Plaintiffs' First
7   Amended Complaint.

8   **B.      Release of Monetary Claims by Settlement Class Members.**

9   Releasors who are Settlement Class Members, but not named Plaintiffs, fully release and
10  forever discharge the Home Depot Releasees from any and all individual and/or class claims, demands,
11  charges, complaints, rights and causes of action, whether known or unknown, whether seeking
12  monetary or equitable relief, which arise out of conduct within the Liability Period constituting alleged
13  discrimination in employment under the ADA, California law, or any other law prohibiting disability
14  discrimination, whether statutory, pursuant to local ordinance, or at common law on the basis of
15  disability that arose on or before the Date of Notice, and which were pleaded or could have been
16  pleaded in Plaintiffs' First Amended Complaint based on the facts alleged in the First Amended
17  Complaint.

18  **C.      Release of Non-Monetary Claims by Class Members.**
19

20  Releasors who are Class Members, but not named Plaintiffs, fully release and forever discharge
21  the Home Depot Releasees from any and all individual and/or class claims, demands, charges,
22  complaints, rights and causes of action, whether known or unknown, that seek non-monetary, equitable
23  relief, which arise out of conduct within the Liability Period constituting alleged discrimination in
24  employment under the ADA, California law, or any other law prohibiting disability discrimination,
25  whether statutory, pursuant to local ordinance, or at common law on the basis of disability that arose on
26  or before the Date of Notice, and which were pleaded or could have been pleaded in Plaintiffs' First
27  Amended Complaint based on the facts alleged in the First Amended Complaint. Notwithstanding the
28  foregoing, any Class Member may and must seek enforcement of the terms of this Settlement

1  Agreement through the dispute resolution procedures set forth in Section XIII.

2  **D.   Waiver of Rights Under California Civil Code Section 1542.**

3  With respect to the released claims described in the Sections V.A-C, Releasors expressly waive

4  the protection of Section 1542 of the Civil Code of the State of California, which states:

5  A general release does not extend to claims which the creditor does not know or suspect
6  to exist in his favor at the time of executing the release, which if known by him must
   have materially affected his settlement with the debtor.

7

8  **E.   Covenant Not to Sue.**

9  Pursuant to the All Writs Act and the Anti-Injunction Act, 28 U.S.C., §§ 1651, 2283, and Rule

10  23 of the Federal Rules of Civil Procedure, each and every Named Plaintiff and each and every Class

11  Member who has not filed a timely request for exclusion shall not bring any claims for monetary relief

12  against Releasees that have been released pursuant to the foregoing provisions, in any court, agency or

13  adjudicative body, whether federal, state or local.

14  Pursuant to the All Writs Act and the Anti-Injunction Act, 28 U.S.C., §§ 1651, 2283, and Rule

15  23 of the Federal Rules of Civil Procedure, each and every Named Plaintiff and each and every Class

16  Member shall not bring any claims for equitable or injunctive relief against the Releasees that have

17  been released pursuant to the foregoing provisions, in any court, agency or adjudicative body, whether

18  federal, state or local.

19  **F.   No Knowledge of Additional Litigation.**

20  Class counsel and the Named Plaintiffs represent and warrant that they have no present

21  knowledge of any intent by any person to file a suit against Home Depot or any of the Home Depot

22  Releasees in any jurisdiction, raising claims which are the same or similar to the claims raised by

23  Named Plaintiffs in *Ortiz, et al., v. Home Depot U.S.A., Inc.*, including but not limited to, claims under

24  the ADA or FEHA for employment discrimination based on an alleged hearing disability.

25  **VI.   FUTURE EMPLOYMENT FOR NAMED PLAINTIFFS**

26  In recognition of the consideration provided in this Agreement and except as provided

27  immediately below, each Named Plaintiff understands and agrees that Home Depot, its subsidiaries,

28  affiliates, parents or divisions will not have any obligation to hire or employ Named Plaintiff for any

1 | job or position now or in the future, and that he will not apply for any such position or job. Each
2 | Named Plaintiff agrees that Home Depot, its subsidiaries, affiliates, parents or divisions, may deny any
3 | application for employment without notice, cause, or legal recourse.

4 |     In recognition of Named Plaintiff Landon Mickey Miller's constructive discharge allegation
5 | and as part of the consideration provided in this Agreement, Home Depot will offer Named Plaintiff
6 | Miller re-employment in a part-time night freight crew position at the Home Depot store where he last
7 | worked, or if no such position is available at that store, at the Home Depot store with such a position
8 | nearest to that location. Named Plaintiff Miller will have 30 days from the Effective Date to accept the
9 | re-employment offer. If the offer is accepted, Home Depot will have no obligation for any purpose,
10 | including but not limited to determination of benefits, to credit Named Plaintiff Miller with any service
11 | time for the period between his discharge and re-employment. If the offer is not accepted, Home
12 | Depot, its subsidiaries, affiliates, parents or divisions will have no further obligation to Named Plaintiff
13 | Miller with respect to re-employment in the future, as provided above.

14 | **VII.   PUBLICITY AND NON-DISPARAGEMENT**

15 |     The Parties shall make no public statements regarding this Agreement or the litigation before
16 | the Date of Final Approval, except as contained in pleadings with the Court or the Class Notice. The
17 | Parties agree that, on or after the Date of Final Approval, Class Counsel and/or Named Plaintiffs may
18 | issue a press release, the content of which will be agreed to by the parties before the Date of Final
19 | Approval.

20 |     All Named Plaintiffs and counsel of record agree that they will not make or cause to be made
21 | any statements that disparage Named Plaintiffs, Home Depot and its employees, or any of the other
22 | Releasees. Named Plaintiffs and counsel of record also agree that they will not encourage any person
23 | to disparage Named Plaintiffs, Home Depot and its employees, or any of the other Releasees.
24 | Disparagement includes but is not limited to statements made by any internet posting or use of social
25 | media. Disparagement does not include a good faith allegation or claim made within the dispute
26 | resolution process of Section XIII that a violation of this Agreement has occurred. This non-
27 | disparagement clause shall survive the expiration of the Settlement Term; however, it shall not prohibit
28 | any good faith claim or allegation of a legal violation in the future.

1  VIII.   **EQUITABLE RELIEF**

2          A.   **Designated Contact Persons**

3          To ensure consistency and adherence to relevant policies, Home Depot will designate – in

4  addition to the Affected Associate's department supervisor –a corporate- state-, or district-level contact

5  person, who shall be responsible for facilitating accommodation requests, providing information and

6  guidance, answering questions, and assisting in the provision of effective communication for Affected

7  Associates.  Within fourteen (14) days of the Effective Date, Home Depot will inform each then-

8  employed Affected Associate who his or her contact persons are.  Newly hired Affected Associates

9  shall be informed of their contact persons during new associate orientation.  Affected Associates shall

10  be informed of any changes to their contact persons within 30 days after the change.

11         B.   **Interactive Process At Semi-Annual Performance Reviews**

12         Home Depot store associates participate in performance review meetings on a semi-annual

13  basis.  At or in conjunction with these semi-annual performance review meetings, Home Depot shall

14  meet with each Affected Associate for the purpose of addressing any work-related concerns pertaining

15  to policies and procedures, communication, reasonable accommodation and treatment in connection

16  with the associate's hearing disability.  Home Depot will have a certified sign language interpreter at

17  such meetings, provided that the associate does not decline use of the sign language interpreter and

18  Home Depot documents the decision.

19         C.   **Training**

20         Within 45 days of the Effective Date, Home Depot will train the Store Manager, Assistant

21  Stores Managers and Department Supervisors of then-employed Affected Associates on (i) sensitivity

22  and cultural competency in working with Affected Associates; (ii) Home Depot's reasonable

23  accommodation policies and procedures; (iii) specific accommodations available for Affected

24  Associates, including the availability of sign language interpreters, video remote interpreting and video

25  relay services as provided herein; (iv) resources available to provide those accommodations; (v)

26  policies with respect to forklift training, certification and operation by Affected Associates; (vi) when

27  and how Home Depot will engage in the interactive process with Affected Associates; (vii) the contact

28  or resource persons designated to answer questions; and (viii) the non-monetary obligations under

CHNEIDER WALLACE
OTTRELL BRAYTON
ONECKY LLP

1  Section VIII of this Agreement.  For the duration of the Settlement Term, Home Depot also will

2  provide such training to any other Store Managers, Assistant Store Managers and Department

3  Supervisors of Affected Associates, no later than 30 days after such person begins supervising or

4  managing an Affected Associate.

5       **D.    Reasonable Accommodation**

6              1.       Unless or until an Affected Associate informs his or her designated store-level or

7  corporate-level contact person that a sign language interpreter is not always required for the situations

8  listed below, and Home Depot documents that decision, Home Depot will provide a certified sign

9  language interpreter in the following situations at which an Affected Associate is present, without the

10  need for the Affected Associate to request the interpreter:

11                        a.    Interviews and any initial orientation and/or training held at the

12                              beginning of a new position;

13                        b.    Any periodic follow-up training sessions and any other regularly

14                              scheduled trainings held on a monthly, quarterly, semi-annual or annual

15                              basis which is not done by close-captioned video;

16                        c.    Any formal safety, evacuation planning, or emergency response training

17                              meeting, or meetings in which such issues are planned to be addressed;

18                        d.    During semi-annual meetings to review the employee's performance;

19                        e.    Any required store-wide meetings, required town hall meetings, and

20                              other company-sponsored events to which employees as a group are

21                              required to attend;

22                        f.    Department meetings, if any, held on a quarterly, semi-annual or annual

23                              basis;

24                        g.    Any meeting concerning possible termination, suspension, or

25                              documented Discipline Notice or any meeting that is conducted with the

26                              Affected Associate for the purpose of determining whether to impose

27                              such documented discipline.

28              2.       For any non-required store-wide meetings, town hall meetings and other

1 company-sponsored events to which employees as a group are invited, Home Depot will provide a
2 certified sign language interpreter if an Affected Associate requests an interpreter at least three (3)
3 Business Days prior to the event.

4        3.    When the Affected Associate requests a reasonable accommodation, Home
5 Depot will engage in an interactive process with the Affected Associate for effective communication
6 (which may include in person or video remote sign language interpreting) for department meetings
7 other than those specified in Section VIII.D.1.f., any meeting that is conducted with the Affected
8 Associate for the purpose of determining whether to impose discipline other than the kind of discipline
9 specified in Section VIII.D.1.g, and any impromptu meetings, team huddles, employee coaching, and
10 other interactions not specified in Section VIII.D.1.

11        4.    When an Affected Associate is hired, Home Depot will engage in an interactive
12 process to evaluate the individual's accommodation needs, including what reasonable
13 accommodations, aids and/or services may be required for effective communications. For each
14 Affected Associate already hired before the Effective Date, Home Depot will engage in an
15 individualized interactive process meeting within 21 days after the training required in Section VIII.C
16 of the Agreement is completed. This interactive process will evaluate the individual's needs for
17 reasonable accommodation and access to equal employment opportunities under the ADA and FEHA.
18 Home Depot will engage in this process for currently employed Affected Associates whenever such
19 individual is reassigned to a new job or transferred to a different retail store location which requires
20 different levels or types of communication needs.

21        5.    Home Depot will inform all Affected Associates that a BlackBerry or similar
22 smart phone technology offered by Home Depot can be made available to them without charge. Upon
23 request by an Affected Associate, Home Depot will provide an Affected Associate with such a
24 BlackBerry, or similar smart phone technology.

25        6.    Home Depot will inform all Affected Associates that a Text Telephone ("TTY")
26 can be made accessible to them without charge. Upon request by an Affected Associate, Home Depot
27 will ensure that such a Text Telephone ("TTY") is readily accessible to the Affected Associate.

28        7.    Home Depot will ensure that each retail store at which an Affected Associate is

1   employed is equipped with a visual alarm for alerting such individuals of emergency evacuations.

2           **E.**       **Pilot Program for Video Remote Interpreting and Video Relay Service**

3           Home Depot will implement a pilot program for providing Video Remote Interpreting and

4   Video Relay Service at its California retail stores ("Pilot Program") where Affected Associates are

5   employed for a majority of their work hours. Home Depot will start the process of providing Video

6   Remote Interpreting and Video Relay Service immediately upon the Effective Date. Within 120 days

7   of the Effective Date or a reasonable amount of time thereafter, Home Depot shall install a video phone

8   in each store where an Affected Associate who is employed at the Effective Date works for a majority

9   of their work hours. Except as provided below, for a period of not less than 12 months after

10   videophones have been installed in all such stores, Home Depot shall contract to provide certified sign

11   language interpreters via video remote interpreting.

12           The Pilot Program will explore the feasibility and effectiveness of video remote interpreting for

13   Affected Associates. Home Depot may terminate the Pilot Program (1) at any time if it determines that

14   business necessity requires such termination; or (2) at any time after the 12-month period described in

15   the preceding paragraph but before expiration of the Settlement Term defined in Section II, if it

16   determines that it is not feasible or effective to provide video remote interpreting. In either instance,

17   Home Depot will meet and confer in good faith with Class Counsel to obtain and consider their

18   comments. Such meet and confer may occur after a termination arising from business necessity.

19   Business necessity may include but is not necessarily limited to interference with business operations

20   such as processing customer payments and inventory, ordering, and phone systems.

21           Home Depot may provide video remote interpreting in lieu of an in-person sign language

22   interpreter in individualized situations that fall within Sections VIII.D.1(b), (c), & (f). Upon agreement

23   of an Affected Associate, Home Depot may provide video remote interpreting in situations described in

24   Section VIII.D.1(d) and (g). Home Depot may provide video remote interpreting in other situations not

25   specified in Section VIII.D.1.

26           **F.**       **Forklift Training and Certification**

27           Home Depot will ensure that its California stores permit Affected Associates to be eligible for

28   training and certification on lift equipment. Determinations regarding whether to offer such training

1  will continue to be based on business need. Certification determinations will continue to be made
2  based on competency tests. Affected Associates interested in training and certification on lift
3  equipment must still express such interest to the appropriate supervisor or manager. Home Depot will
4  ensure that its California stores provide equal opportunity to Affected Associates, as is provided to
5  associates without hearing loss, to operate lift equipment during customer hours, provided the Affected
6  Associate can hear sufficiently to communicate during the operation of the equipment with a spotter,
7  other associates, and customers either with or without the use of accommodation and the assisting
8  device (if any) is used while operating the equipment; and provided also that minimum safety
9  requirements can be maintained. Home Depot will ensure that its California stores provide equal
10 opportunity to Affected Associates, as is provided to associates without hearing loss, to operate lift
11 equipment during non-customer hours and in non-customer access areas, provided also that minimum
12 safety requirements can be maintained. Home Depot will provide an interactive process to Affected
13 Associates to determine the extent to which they can communicate adequately with spotters (with or
14 without reasonable accommodations) to meet minimum safety requirements.

15     **G.    Standard Information**

16     After the training required in Section VIII.C has been completed, Home Depot will distribute a
17 fact sheet to all Affected Associates. The parties will agree on the form of the fact sheet, with any
18 disputes to be resolved through the dispute resolution procedures in Section XIII. The fact sheet will
19 inform Affected Associates of the availability of sign language interpreters for the situations set forth
20 in Section D.1-3, the pilot program for video remote interpreting and video relay service, and that
21 Home Depot will engage in an interactive process to determine accommodation needs and to provide
22 reasonable accommodation. The fact sheet will state the requirements of Sections VIII.A-F of this
23 Agreement, and direct Affected Associates to the location of relevant Home Depot policies pertaining
24 to individuals with disabilities. The fact sheet will also inform Affected Associates of the Company's
25 policies for training and certification on lift equipment as it applies to deaf and hard of hearing
26 employees.

27     Distribution of the fact sheet to current Affected Associates will occur at a meeting attended by
28 the Store Manager or Assistant Store Manager and a sign language interpreter. Home Depot will make

1   with Class Counsel the feedback or assessment from the Affected Associates regarding the

2   implementation of the project.

3

4       On an annual basis, Home Depot will provide Class Counsel with reporting information

5   sufficient to verify that:

6       1.      the fact sheet was distributed to all newly hired Affected Associates and translated by

7   sign language interpreters as provided in Section VIII.G;

8       2.      all newly hired Affected Associates were informed of their contact persons as provided

9   in Section VIII.A;

10      3.      the semi-annual interactive process meetings were completed as provided in Section

11  VIII.B, including a confirmation that qualified interpreters were provided;

12      4.      store managers, assistant store managers and department supervisors have been and

13  continue to be trained in accordance with Section VIII.C, including the list of persons trained, location

14  of the store and date the training was completed;

15      5.      qualified sign language interpreters were provided for the situations described in

16  Sections VIII.D.1-3.

17

18      The annual reporting information shall also verify the number of Affected Associates and the

19  location of the Home Depot store where they are employed, and provide information regarding any

20  formal complaints from Affected Associates about the provision of sign language interpreters,

21  reasonable accommodations, interactive process or other communication access.

22  **IX.     MONETARY RELIEF**

23

24      **A.      Monetary Payments to Named Plaintiffs/Class Representatives.**

25      Not later than ten (10) days after the Date of Preliminary Approval, Home Depot shall deposit

26  the following amounts into a qualified settlement fund to be established and administered by the

27  Settlement Administrator:

28      1.      $ 5,000 to each Settlement Class Member, including Named Plaintiffs. Home Depot,

through due diligence, has identified 33 potential Class Members, whose names are listed on Exhibit A hereto. If any additional Class Members are located, the parties will meet and confer under the dispute resolution procedures in Section XIII as to any additional payments to such individuals.

2.  $ 40,000 to be paid to Plaintiff Gabriel Ortiz in addition to his class damages payment pursuant to Section IX.A.1. The actual amount to be paid to Mr. Ortiz will be the amount ordered by the Court upon final approval of this Agreement.

3.  $ 40,000 to be paid to Plaintiff Andrew Gonzales in addition to his class damages payment pursuant to Section IX.A.1. The actual amount to be paid to Mr. Gonzalez will be the amount ordered by the Court upon final approval of this Agreement.

4.  $ 40,000 to be paid to Plaintiff Landon Mickey Miller in addition to his class damages payment pursuant to Section IX.A.1. The actual amount to be paid to Mr. Miller will be the amount ordered by the Court upon final approval of this Agreement.

5.  $ 40,000 to be paid to Plaintiff Joe Huynh in addition to his class damages payment pursuant to Section IX.A.1. The actual amount to be paid to Mr. Huynh will be the amount ordered by the Court upon final approval of this Agreement.

6.  $ 500,000 in attorneys' fees and $ 85,000 in invoiced attorneys' costs for payment to Class Counsel in connection with their prosecution and settlement of this matter. The actual amount of fees and invoiced costs to be paid to Class Counsel will be the amount ordered by the Court pursuant to Rule 23(h) of the Federal Rules of Civil Procedures, provided that Home Depot will not oppose a motion for attorneys' fees and invoiced costs up to and including the amounts specified above. The fees and invoiced costs paid pursuant to this provision includes all fees and costs incurred through the Effective Date as well as all future fees and costs incurred in connection with monitoring compliance with the Agreement. This amount shall not include fees and costs incurred in connection with the resolution of disputes pursuant to Section XIII, and shall not preclude Class Counsel from applying for such fees and costs from Mediator Infante (or the substituted neutral).

1    The amounts set forth above, which total $ 910,000, are all-inclusive of all payments
2 contemplated by this Agreement, with the sole exception of (a) any employer payroll taxes owed in
3 connection with the payments to Plaintiffs and Settlement Class Members set forth above; and (b) any
4 attorneys' fees and costs ordered pursuant to the dispute resolution procedures set forth in Section XIII.
5 Any unclaimed funds approved by the Court will be donated to the designated *cy pres* recipient set
6 forth in Section XII.E. Any attorneys' fees, invoiced costs, or named plaintiff payments not approved
7 by the Court, and any monies deposited into the reserve fund that exceed the total settlement shares of
8 Class Members who are identified and paid pursuant to Sections IX.A.2 and XII.D, will be returned to
9 Home Depot.

10    **B.    Tax Withholding and Treatment.**

11    The settlement amounts paid to the Named Plaintiffs will be allocated as follows:  10% wage
12 taxable income to be reported on IRS Form W-2, and 90% non-wage taxable income to be reported on
13 Form IRS Form 1099.  The settlement amounts paid to Settlement Class Members will be treated as
14 non-wage taxable income and shall be reported on IRS Form 1099.  Named Plaintiffs and Settlement
15 Class Members shall be responsible for paying taxes on these amounts.

16    Neither the Parties nor their respective counsel provide or purport to provide any tax advice to
17 the Settlement Class Members in connection with this Agreement or otherwise.  The Parties agree that
18 they shall not rely upon any terms of this Agreement for the purpose of determining or avoiding any
19 federal, state or local tax obligations or penalties.

20    Payroll tax withholding and deductions will not be taken from the payments made to Class
21 Counsel for their attorneys' fees and costs.  Instead, one or more Forms 1099 will be issued to Class
22 Counsel with respect to those payments.  Before any payment will be made to Class Counsel, Class
23 Counsel will provide the Settlement Administrator with a completed IRS Form W-9 for each payment
24 recipient.

25    **C.    Effect of Class Members Who Request Exclusion.**

26    Class Members who submit a timely and valid request for exclusion from this Agreement are
27 not Settlement Class Members and will receive no settlement payment.

28

1    **D.    Effect of Settlement Class Members Who Cannot Be Located.**

2    If the Class Notice for a Settlement Class Member is returned as undeliverable because of an

3 incorrect address, despite the address searches and skip tracing described in Section X, the settlement

4 payment that would have been paid to him or her if he or she were located will be paid to the

5 designated *cy pres* recipient under Section XII.E.

6 **X.    SETTLEMENT ADMINISTRATION**

7    **A.    Appointment of Settlement Administrator**

8    The Parties will ask the Court to appoint Rust Consulting, a qualified administrator, to

9 serve as the Settlement Administrator, which, as a condition of appointment, will agree to be

10 bound by this Agreement with respect to the performance of its duties and its compensation.

11 The Settlement Administrator's duties will include establishing a qualified settlement fund,

12 preparing, printing, and mailing the Class Notice to all Class Members; conducting a National

13 Change of Address search on all Class Members whose names and contact information are

14 submitted before the initial Class Notice mailing; conducting a single skip trace on any Class

15 Notice returned by the U.S. Postal Service as non-deliverable, and re-mailing the Class Notice

16 to the Class Member's new address; setting up a toll-free telephone and TTY number to receive

17 calls from Class Members; providing the Parties with weekly status reports about the delivery

18 of Class Notices and receipt of objections to and Requests Not to Participate in the Agreement;

19 issuing the checks to effectuate the payments due under the Agreement; issuing the tax reports

20 required under this Agreement; and otherwise administering the Agreement. The Settlement

21 Administrator's reasonable fees and expenses, including the cost of printing and mailing the

22 Class Notice, will be paid by Home Depot.

23    **B.    Class Notice**

24    After the Court enters its order granting Preliminary Approval of the Settlement, Class

25 Members will be provided with the Class Notice as follows:

26    All Class Members will be sent a Class Notice in the form evidenced by Exhibit B (other than

27 formatting changes to facilitate printing), or as otherwise modified by the Court. The Class Notice will

28 be tailored for each individual and have pre-printed information regarding that individual's name, and

1  contact information. The Class Notice will provide a summary of this case and this Agreement,

2  information regarding how to obtain a copy of the Agreement, a statement indicating the amounts

3  sought by Class Counsel in attorneys' fees and costs, information for obtaining a copy of the motion for

4  attorneys' fees and costs, directions for objecting to the Agreement and/or the motion for attorneys'

5  fees and costs, directions for requesting exclusion from the monetary provisions of the Agreement,

6  contact information of Class Counsel, and directions for obtaining additional information regarding the

7  Agreement. The mailing will also include a DVD that includes an American Sign Language

8  interpretation of the Class Notice. The DVD will be prepared by Class Counsel and approved by

9  Home Depot, with such costs to be submitted as part of Named Plaintiffs' motion for attorney's fees

10  and costs under Section XI.B. The DVD will be provided to the Settlement Administrator within five

11  (5) days following the Date of Preliminary Approval, except that if the text of the Class Notice are

12  modified by the parties or the Court between the filing of the motion for preliminary approval and the

13  Date of Preliminary Approval, then the DVD will be provided to the Settlement Administrator no later

14  than 2 days before the date of the mailing of the Class Notice.

15      As soon as possible, and in no event later than five (5) days after the Date of Preliminary

16  Approval, Class Counsel will provide the Settlement Administrator with the last known address and

17  phone numbers of the Named Plaintiffs.

18      As soon as possible, and in no event later than five (5) days after the Date of Preliminary

19  Approval, Home Depot will provide the Settlement Administrator with the last known address and

20  phone numbers of the other monetary relief Class Members identified in Exhibit A. This information

21  will remain confidential and will not be disclosed to anyone other than the Settlement Administrator

22  and counsel for the parties, except as required to applicable taxing authorities.

23      Using best efforts to mail it as soon as possible, and in no event later than ten (10) days after

24  receiving the contact information from Home Depot and the Class Notice DVD from Class Counsel,

25  the Settlement Administrator will mail the Class Notices to all Class Members (excluding the Named

26  Plaintiffs) via first-class regular U.S. Mail.

27      The Settlement Administrator will conduct a National Change of Address search on all Class

28  Members whose names and contact information are submitted before the initial Class Notice mailing,

1   and will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters,
2   court orders, and fee, and according to the following deadlines, to trace the mailing address of any
3   Class Member for whom a Class Notice is returned by the U.S. Postal Service as undeliverable. These
4   reasonable steps shall include the tracking of all undelivered mail; performing a single skip trace
5   address search for each returned mailing; and promptly re-mailing the Class Notice to Class Members
6   for whom new addresses are found. If the Settlement Administrator notifies the Parties that a Class
7   Notice to a current Home Depot employee is returned as undeliverable, Home Depot management may
8   request an updated address directly from the employee and provide the information to the Settlement
9   Administrator. If a Class Notice is re-mailed, the Settlement Administrator will note for its own
10  records and notify Class Counsel and Home Depot of the date and address of each such re-mailing as
11  part of a weekly status report provided to the Parties. Class Counsel will be entitled to receive from the
12  Settlement Administrator any updated address information about a Class Member as the Settlement
13  Administrator obtains such information.

14      If an initial Class Notice is returned because of an incorrect address, the Settlement
15  Administrator will promptly, and not longer than five (5) days from receipt of the returned packet,
16  conduct a search for a more current address for the Class Member and re-mail the Class Notice to the
17  Class Member. The Settlement Administrator will not be required to conduct more than one re-mailing
18  for a Class Member.

19      As necessary to fulfill their duties as Class Counsel, Class Counsel shall be entitled to contact
20  information of Class Members.

21      As part of its weekly status report, the Settlement Administrator will inform Class Counsel and
22  Home Depot of objections and Requests Not to Participate in Settlement it receives.

23      Not later than five (5) days before the date by which the Parties file their joint motion for final
24  approval of the Settlement, the Settlement Administrator will serve on the Parties a declaration of due
25  diligence setting forth its compliance with its obligations under this Agreement. The declaration shall
26  attach any timely and valid objections and requests for exclusion that the Settlement Administrator
27  received pursuant to Sections X.C-D. Prior to the Final Approval Hearing, the Settlement
28  Administrator will supplement its declaration of due diligence if any material changes occur from the

1  date of the filing of its prior declaration. Class Counsel will file any Settlement Administrator
2  declaration with the Court.

3       **C.   Objections to Settlement and/or Class Counsel's Motion for Attorneys' Fees**
4            **and Costs.**

5       The Class Notice will provide that Class Members who wish to object to the Agreement or
6  Class Counsel's motion for attorneys' fees and costs must submit to the Settlement Administrator, by
7  First Class Mail postmarked not later than 45 days after the Settlement Administrator's initial mailing
8  of the Class Notices, a written comment on or objection to the Agreement or Class Counsel's motion
9  for attorneys' fees and costs, setting forth the grounds for the comment or objection. Only those Class
10 Members who do not submit a Request Not to Participate in Settlement may object to the monetary
11 relief provisions of the Agreement. The statement will also indicate whether the Class Member intends
12 to appear and comment or object at the Final Approval Hearing. A Class Member who does not submit
13 a written comment or objection in the manner and by the deadline specified above will be deemed to
14 have waived any objections and will be foreclosed from making any objections (whether by appeal or
15 otherwise) to the Settlement or Class Counsel's attorneys' fees and costs.

16      **D.   Requests Not to Participate in Settlement.**

17      The Class Notice will provide that Class Members may exclude themselves from the monetary
18 relief provisions of the Agreement by mailing to the Settlement Administrator a signed Request Not to
19 Participate in the monetary relief provisions of the Settlement, postmarked not later than 45 after the
20 Settlement Administrator initially mails the Class Notices. To be effective, any Request Not to
21 Participate in Settlement must contain: the Class Member's name, address, and dated signature along
22 with a written statement that the Class Member has reviewed the Class Notice and wishes to be
23 excluded from the monetary relief provisions of the Settlement. If a question is raised about the
24 authenticity of a signed Request Not to Participate in Settlement, the Settlement Administrator will
25 have the right to demand additional proof of the Class Member's identity. A non-participating Class
26 Member will not participate in or be bound by the Settlement and the Judgment pertaining to the
27 monetary relief provisions of this Settlement. A Class Member who does not complete and mail a
28 valid Request Not to Participate in Settlement in the manner and by the deadline specified above will

1  automatically become a Settlement Class Member and be bound by all terms and conditions of the

2  Settlement, including the monetary relief provisions, if the Settlement is approved by the Court, and by

3  the Judgment.

4         **E.**    **Report.**

5         Not later than five (5) days after the deadline for submission of Requests Not to Participate in

6  Settlement, the Settlement Administrator will provide the Parties with a complete and accurate list of

7  all Class Members, all Settlement Class Members, all objections, and all requests for exclusion.

8         **F.**    **No Solicitation of Objections or Requests for Exclusion.**

9         Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or

10  indirectly any Class Member to object to the Settlement, appeal from the Judgment, or request

11  exclusion from the monetary relief provisions of the Settlement.

12  **XI.**   **SETTLEMENT APPROVAL**

13         **A.**    **Motion for Conditional Certification of Class and Preliminary Approval of**

14               **Settlement by the Court.**

15         Named Plaintiffs will move the Court for an order conditionally certifying the Rule 23(b)(2)

16  and (b)(3) classes, granting Preliminary Approval of the Agreement, setting a date for the Final

17  Approval Hearing, and approving the Class Notice (the "Motion for Preliminary Approval"), and

18  Home Depot will not oppose the motion. At the hearing on the Motion for Preliminary Approval, the

19  Parties will jointly appear, support the granting of the motion, and submit an appropriate proposed

20  order.

21         Should the Court decline to preliminarily approve all material aspects of the Settlement, the

22  Settlement will be null and void and the Parties will have no further obligations under it.

23         **B.**    **Additional Briefing and Final Approval.**

24         Class Counsel will file with the Court their motion for attorneys' fees and costs under Rule

25  23(h) of the Federal Rules of Civil Procedure, on a date to be determined by the Court. Home Depot

26  will not oppose a motion for attorneys' fees and costs up to and including $ 500,000 in attorneys' fees

27  and $ 85,000 in invoiced attorneys' costs and expenses.

28         On a date to be set by the Court, Named Plaintiffs will file, and Home Depot will not oppose, a

1  motion for final approval of the Settlement.

2       If any opposition is filed, then not later than five court days before the Final Approval Hearing,
3  or another date to be set by the Court, the Parties may file a reply in support of the motion for final
4  approval of the Settlement. Named Plaintiffs and Class Counsel also may file a reply in support of
5  their motions for the payments to the Class Representatives and the motion for attorneys' fees and
6  costs.

7       If the Court does not grant final approval of the Settlement or grants final approval conditioned
8  on any material change to the Settlement, then the Settlement will be null and void and the Parties will
9  have no further obligations under the Settlement, except that Home Depot will pay the Settlement
10  Administrator's reasonable fees and expenses incurred as of the date that the Settlement becomes null
11  and void under this paragraph.

12       Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the
13  Parties will present a proposed final approval order and proposed judgment for the Court. After entry
14  of the Judgment, the Court will have continuing jurisdiction over the Action and this Agreement for the
15  duration of the Settlement Term.

16       **C.    Waiver of Right to Appeal.**

17       Provided that the Judgment is consistent with the terms and conditions of this Agreement,
18  Named Plaintiffs and Class Members who do not timely submit an objection to the Settlement, Home
19  Depot, and their respective counsel, hereby waive any and all rights to appeal from the Judgment, and
20  the Judgment therefore will become final and nonappealable at the time it is entered. The waiver does
21  not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment
22  proceedings. This paragraph does not preclude Named Plaintiffs or Class Counsel from appealing
23  from a refusal by the Court to award the full Class Representative payments, the Class Counsel fees
24  payment, or the Class Counsel costs payment sought by them.

25       **D.    Vacating, Reversal, or Material Modification of Judgment on Appeal or**
26              **Review.**

27       If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other
28  motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such

1 that there is a material modification to the Settlement, and that court's decision is not completely
2 reversed and the Judgment is not fully affirmed on review by a higher court, then either Named
3 Plaintiffs or Home Depot will have the right to void the Settlement, which the Party must do by giving
4 written notice to the other Parties, the reviewing court, and the Court not later than fourteen (14) days
5 after the reviewing court's decision vacating, reversing, or materially modifying the Judgment becomes
6 Final.

7 **XII.   PAYMENT PROCEDURES**

8       **A.   Class Member Payments.**

9       Within five (5) Business Days after the Effective Date, the Settlement Administrator will mail a
10 settlement check in the amount of $5,000 to each Class Member who does not request exclusion from
11 this Agreement and whose Class Notice is not returned as undeliverable after completion of the notice
12 and skip tracing process set forth in Section X.B. If there are no timely and valid objections to the
13 Agreement submitted by Class Members, these payments shall be made within five (5) Business Days
14 of the Date of Final Approval.

15       **B.   Named Plaintiff Payments.**

16       Within five (5) Business Days after the Effective Date, the Settlement Administrator will mail
17 settlement checks to the Named Plaintiffs in the amounts and allocations set forth in Sections IX.A and
18 IX.B, or any lesser amount ordered by the Court, less applicable withholding from the amount
19 allocated to backpay. If there are no timely and valid objections to the Agreement submitted by Class
20 Members, these payments shall be made within five (5) Business Days of the Date of Final Approval.

21       **C.   Attorneys' Fees and Costs.**

22       Within the later of five (5) Business Days of the Effective Date or entry by the Court of an
23 award for attorney's fees and costs, the Settlement Administrator will pay Class Counsel the fees and
24 costs in the amounts ordered by the Court. If there are no timely and valid objections to the Agreement
25 submitted by Class Members, these payments shall be made within the later of five (5) Business Days
26 of the Date of Final Approval or entry by the Court of an award for attorney's fees and costs.

27       **D.   Cy Pres Payments.**

28       Class Members must cash settlement checks within 180 days after they are initially mailed. If a

1 check is returned to the Settlement Administrator, the Settlement Administrator will make all

2 reasonable efforts to re-mail it to the Class Member at his or her correct address. Ninety (90) days after

3 the initial mailing of the settlement checks, the Settlement Administrator will send a reminder postcard

4 regarding the check and the time limits for cashing it, to any Class Member who has not cashed his or

5 her check. The Settlement Administrator also will provide a list of the names and last known contact

6 information of all such individuals to Class Counsel for further follow-up. Any settlement checks not

7 cashed within the 180-day period will be distributed to the designated and Court-approved *cy pres*

8 recipient(s), and the Class Member nevertheless will remain bound by the Settlement. During the

9 settlement approval process, the parties will designate (1) Deaf Counseling, Advocacy & Referral

10 Agency; and (2) The Homer Fund, as the *cy pres* beneficiaries, and request that any monies reserved

11 for *cy pres* be divided equally between these two organizations. The parties agree that a decision by

12 the Court not to approve one or more of these proposed *cy pres* recipients, to modify the proposed

13 allocation, and/or to designate a different *cy pres* recipient(s), shall not be cause for either side to void

14 this Agreement.

15    **E.**   **Final Report by Settlement Administrator to Court.**

16    Within ten (10) days after final disbursement of all settlement payments, the Settlement

17 Administrator will serve on the Parties a declaration providing a final report on the disbursements.

18 Class Counsel shall file the declaration with the Court.

19 **XIII.**   **DISPUTE RESOLUTION**

20    Any disputes concerning compliance with this Settlement Agreement during the Settlement

21 Term shall be resolved pursuant to the following dispute resolution procedure:

22    A.   If the Class Representatives or Class Counsel, on behalf of a Class Representative(s) or

23 any Class Member, or the Defendant at any time believe that the other Party has breached this

24 Agreement, that party shall notify the other party in writing of the alleged violation.

25    B.   Upon receiving notice of an alleged violation, the responding party shall have fifteen

26 (15) Business Days to correct the alleged violation and/or respond to the initiating party with the

27 reasons why the party disputes all or part of the allegation.

28    C.   If the response does not address the alleged violation to the initiating party's

1  satisfaction, the parties shall negotiate in good faith for up to fourteen (14) Business Days to resolve
2  their differences.

3       D.     If Class Counsel and Defendant are unable to resolve the dispute after the negotiations
4  under Section XIII.C, either party may file a motion for enforcement with Mediator Edward Infante
5  (or, if Mediator Infante is unwilling or unable to consider the motion, another neutral agreed to by the
6  parties). The briefing of such motion should be in letter brief form and shall not exceed five (5) single-
7  spaced pages (excluding exhibits). There shall be no hearing, unless the matter in dispute exceeds a
8  value of $ 5,000, except that if the dispute involves equitable relief, either side may request a hearing.
9  The mediator (or substituted neutral) should issue a decision in writing on the motion. The parties
10  agree that the decision on the motion shall not be reviewable by the Court.

11       E.     Subject to the prevailing party provision in Section XIII.F, the parties shall share
12  equally the fees charged by Mediator Infante (or substituted neutral).

13       F.     A party who prevails on a motion brought pursuant to this Section may recover
14  reasonable attorneys' fees and costs (including any mediator's fees and costs) in connection with the
15  motion under the standards set forth in *Christianburg Garment Co. v. Equal Employment Opportunity*
16  *Commission*, 434 U.S. 412 (1977). There shall be no fee enhancement.

17  **XIV.**  **MISCELLANEOUS PROVISIONS**

18       **A.**     **Calculation of Time.**

19       In computing any period of time prescribed or allowed by this Agreement, unless otherwise
20  stated, such computation or calculation shall be made pursuant to Federal Rule of Civil Procedure 6(a).

21       **B.**     **Modification.**

22       Named Plaintiffs, Class Counsel and Home Depot may jointly agree to modify this Agreement.
23  Any agreed upon modification shall be in writing signed by all parties and approved by the Court,
24  except that the parties may modify the list of Class Members contained in Exhibit A and total amount
25  described in Section IX at any time prior to the Date of Final Approval by written agreement of counsel
26  of record.

27       **C.**     **Severability.**

28       Whenever possible, each provision and term of this Agreement shall be interpreted in such a

1  manner as to be valid and enforceable; provided, however, that in the event that after the Date of Final
2  Approval any provision or term of this Agreement should be determined to be or rendered
3  unenforceable, all other provisions and terms of this Agreement and the application thereof to all
4  persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.  If
5  any application of any provision or term of this Agreement to any specific person or circumstance
6  should be determined to be invalid or unenforceable, the application of such provision or term to other
7  persons or circumstances shall remain unaffected to the extent permitted by law.

8       **D.     Duty to Defend the Agreement.**

9       The Named Plaintiffs, Class Counsel, and Home Depot each agree to defend this Agreement
10  from any legal challenge, whether by appeal or collateral attack.

11      **E.     Section Headings.**

12      The Section headings in this Agreement shall have no substantive meaning whatsoever.  Only
13  the textual provisions in this Agreement and in its Exhibits shall be interpreted or construed to have
14  substantive meaning.

15      **F.     Entire Agreement.**

16      The terms of this Agreement and its Exhibits are the exclusive and final expression of
17  all agreements by Named Plaintiffs, Class Counsel on behalf of the Class and Home Depot with
18  respect to the released claims.  The Parties have entered into this Agreement based solely upon
19  its written terms as contained herein and not in reliance upon any representations or promises
20  other than those contained in this Agreement.  The terms of this Agreement may not be
21  contradicted either by evidence of any prior or contemporaneous agreement or by the use of any
22  form of extrinsic evidence whatsoever in any judicial, administrative, or other legal proceeding
23  involving this Agreement.

24      **G.     Limitations on Agreement.**

25      Notwithstanding any other provision of this Agreement, this Agreement is not intended and
26  shall not be interpreted to (1) impose reasonable accommodation requirements for persons who are not
27  qualified individuals with disabilities; (2) expand Home Depot's legal obligations under the ADA or
28  California law with respect to individuals with disabilities, or others; (3) waive any of Home Depot's

1  future defenses to claims under the ADA or California law; (4) modify any of Home Depot's future

2  rights under the ADA or California law; or (5) interfere with voluntary measures by Home Depot to

3  provide accommodations to associates beyond those required by the ADA or California law.

4       **H.     Counterparts.**

5       This Agreement may be executed in counterparts, and when each party has executed at least

6  one counterpart, each counterpart shall be deemed an original, and when taken together, shall constitute

7  one Agreement, which shall be binding upon and effective as to all parties.

8  **XV.    NOTICES**

9       All notices and other communications required by this Agreement shall be in writing and

10 delivered either personally or by depositing the same, postage prepaid, in the United States Mail,

11 addressed to the party hereto to whom the same is directed at the following addresses:

12       To Named Plaintiffs and Settlement Class:

13            Claudia Center
14            Jinny Kim
              Rachael Langston
15            THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
              180 Montgomery Street, Suite 600
16            San Francisco, CA 94104-4244

17            Joshua Konecky
18            SCHNEIDER WALLACE
              COTTRELL BRAYTON KONECKY LLP
19            180 Montgomery Street, Suite 2000
              San Francisco, CA  94104-4207
20

21       To Home Depot U.S.A., Inc.
22

23            William F. Allen
              Akin Gump Strauss Hauer & Feld LLP
24            1333 New Hampshire Avenue, NW
              Washington, DC 20036-1564
25

26
27 The Parties may from time to time change their address or designated recipient for the purpose of this

28 Section by providing written notice, return receipt requested, of such change to the other parties.

DEFENDANT, HOME DEPOT U.S.A., INC.,

Dated: 9/14/11

By: _____
Jocelyn J. Hunter
Vice President & Associate General Counsel
Home Depot U.S.A., Inc.

*ORTIZ, ET AL., V. HOME DEPOT U.S.A., INC.,* CASE NO. 5:09-cv-03485-LHK
SETTLEMENT AGREEMENT

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

PLAINTIFFS AND CLASS COUNSEL

Dated: Sept 7, 2011        By: _____
                               PLAINTIFF GABRIEL ORTIZ

Dated: _____      By: _____
                               PLAINTIFF ANDREW GONZALES

Dated: _____      By: _____
                               PLAINTIFF LANDON MICKEY MILLER

Dated: _____      By: _____
                               PLAINTIFF JOE HUYNH

Dated: _____      By: _____
                               Claudia Center, Class Counsel
                               THE LEGAL AID SOCIETY – EMPLOYMENT
                               LAW CENTER

Dated: _____      By: _____
                               Joshua Konecky, Class Counsel
                               SCHNEIDER WALLACE
                               COTTRELL BRAYTON
                               KONECKY LLP

1

PLAINTIFFS AND CLASS COUNSEL

2

3   Dated: _____        By:_____
                                                  . PLAINTIFF GABRIEL ORTIZ
4

5   Dated:  September 7, 2011              By:_____
6                                                 PLAINTIFF ANDREW GONZALES

7

8   Dated: _____        By:_____
                                                  PLAINTIFF LANDON MICKEY MILLER
9

10  Dated: _____        By:_____
                                                  PLAINTIFF JOE HUYNH
11

12

13  Dated: _____        By:_____
                                                  Claudia Center, Class Counsel
14                                                THE LEGAL AID SOCIETY – EMPLOYMENT
                                                  LAW CENTER
15

16

17  Dated: _____        By:_____
                                                  Joshua Konecky, Class Counsel
18                                                SCHNEIDER WALLACE
                                                  COTTRELL BRAYTON
19                                                KONECKY LLP

20

21

22

23

24

25

26

27

28

SIDER WALLACE
ELL BRAYTON
CKY LLP

PLAINTIFFS AND CLASS COUNSEL

Dated: _____        By:_____
                                          PLAINTIFF GABRIEL ORTIZ

Dated: _____        By:_____
                                          PLAINTIFF ANDREW GONZALES

Dated: 9/7/11                          By:_____
                                          PLAINTIFF LANDON MICKEY MILLER

Dated: _____        By:_____
                                          PLAINTIFF JOE HUYNH

Dated: _____        By:_____
                                          Claudia Center, Class Counsel
                                          THE LEGAL AID SOCIETY – EMPLOYMENT
                                          LAW CENTER

Dated: _____        By:_____
                                          Joshua Konecky, Class Counsel
                                          SCHNEIDER WALLACE
                                          COTTRELL BRAYTON
                                          KONECKY LLP

PLAINTIFFS AND CLASS COUNSEL

Dated: _____          By:_____
                                     PLAINTIFF GABRIEL ORTIZ


Dated: _____          By:_____
                                     PLAINTIFF ANDREW GONZALES


Dated: _____          By:_____
                                     PLAINTIFF LANDON MICKEY MILLER


Dated: 9/7/11                    By:_____
                                     PLAINTIFF JOE HUYNH



Dated: _____          By:_____
                                     Claudia Center, Class Counsel
                                     THE LEGAL AID SOCIETY – EMPLOYMENT
                                     LAW CENTER


Dated: _____          By:_____
                                     Joshua Konecky, Class Counsel
                                     SCHNEIDER WALLACE
                                     COTTRELL BRAYTON
                                     KONECKY LLP

PLAINTIFFS AND CLASS COUNSEL

Dated:                              By:_____
                                       PLAINTIFF GABRIEL ORTIZ

Dated:                              By:_____
                                       PLAINTIFF ANDREW GONZALES

Dated:                              By:_____
                                       PLAINTIFF LANDON MICKEY MILLER

Dated:                              By:_____
                                       PLAINTIFF JOE HUYNH

Dated: 9-14-11                      By:_____
                                       Claudia Center, Class Counsel
                                       THE LEGAL AID SOCIETY – EMPLOYMENT
                                       LAW CENTER

Dated: 9/14/11                      By:_____
                                       Joshua Konecky, Class Counsel
                                       SCHNEIDER WALLACE
                                       COTTRELL BRAYTON
                                       KONECKY LLP